**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
---------------------------------------------------------X
ROBERTO CIAPRAZI,

                                   Plaintiff,

                     -against-

THE COUNTY OF NASSAU, JOSEPH
JABLONSKY, AS SHERIFF OF NASSAU
COUNTY, C.O. PETER SKALKOS and
C.O. THOMAS AMATO,

                                   Defendant.
---------------------------------------------------------X

**MEMORANDUM OF**
**DECISION AND ORDER**
98-cv-6286 (ADS)

**APPEARANCES:**

**MURACA & KELLY, L.L.P.**
Attorneys for the Plaintiff
106 Third Street
Mineola, New York 11501
            By:    Dennis J. Kelly, Esq., of Counsel

**JAMES J. CORBETT, P.C.**
Prior Attorney for the Plaintiff
630 Johnson Avenue
Suite 102
Bohemia, New York 11716
            By:    James J. Corbett, Esq., of Counsel

**FRIEDMAN & HARFENIST**
Attorneys for the Defendants
3000 Marcus Avenue, Suite 2E1
Lake Success, New York 11042
            By:    Stephen Harfenist, Esq., Charles H. Horn, Esq.
                   Christopher T. Vetro, Esq., of Counsel

**SPATT, District Judge.**

            In this case, the Plaintiff Roberto Ciaprazi ("Ciaprazi" or the "Plaintiff")

brought an action pursuant to 42 U.S.C. § 1983 ("Section 1983") against the County

of Nassau, Joseph Jablonsky ("Jablonsky"), Correction Officer Peter Skalkos ("Skalkos") and Correction Officer Thomas Amato ("Amato") alleging that Skalkos and Amato violated his constitutional rights by subjecting him to excessive force on two separate occasions. A jury returned a verdict in favor of the Plaintiff only on his excessive force claim against Amato and awarded him nominal damages of $1. Presently before the Court is the Plaintiff's motion to enforce the judgment pursuant to Federal Rules of Civil Procedure ("Fed. R. Civ. P.") 69, a Motion for a Writ of Execution, and a Motion for Contempt to hold the Defendants and their counsel in contempt of court.

## I. BACKGROUND

### A. Procedural History

On November 27, 1998, the Plaintiff filed a complaint in this matter. The Plaintiff alleged that Skalkos used excessive force against him on April 17, 1996 while he was confined at the Nassau County Correctional Center. The Plaintiff further alleged that Amato used excessive force against him at the same facility on August 16, 1996. The Plaintiff sought $700,000 in compensatory damages and $90,000 in punitive damages.

A jury trial was held in February of 2002. The jury returned a verdict in favor of the Plaintiff only on his excessive force claim against Amato and awarded him nominal damages of $1. The Plaintiff subsequently sought to recover $150 for the cost of the filing fee, which this Court granted on April 8, 2002. See Ciaprazi v. County of Nassau, 195 F. Supp. 2d 398, 400-01 (E.D.N.Y. 2002).

Thereafter, the Plaintiff filed an application to recover the $150.00 cost of the fee for the filing of the Complaint, but never received a response. The Plaintiff also wrote twice to Charles Horn, the Defendant's counsel, requesting compliance with the Court's Order and that the awarded costs and interest be paid. The Plaintiff never received a response.

### B. **The Present Motion**

On April 20, 2011, the Plaintiff filed a motion to enforce the Court's April 8, 2002 Order, which awarded the Plaintiff $150.00 in costs, in addition to any interest that has accrued on that amount. Also, the Plaintiff seeks to receive the $1.00 in nominal damages pursuant to the judgment in this case, in addition to any interest that has accrued on that amount.

The Plaintiff also seeks a writ of execution, pursuant to Rule 69(a)(1) of the Fed. R. Civ. P., to secure the payment of the awarded cost and of the interest due. Finally, the Plaintiff seeks to hold the Defendants and their Counsel in contempt of the Court for failing to pay the money owed, pursuant to Fed. R. Civ. P. 70(e).

### C. **Recent Events**

On June 6, 2011, after the Plaintiff filed the present motion, he filed an additional affirmation with this Court. This affirmation stated that on May 16, 2011, he received a check from the Nassau County Attorney in the amount of $151.00, as payment pursuant to this Court's April 8, 2002 Order.

On May 18, 2011, the Plaintiff wrote to Nassau County Deputy County Attorney Liora Ben-Sorek seeking an additional $149.96, which he believes he is owed in interest.

On May 24, 2011, Ben-Sorek replied that the only interest the Plaintiff was entitled to was on the $1.00 awarded in nominal damages. She also stated that the Plaintiff had not indicated the basis for the "arbitrary" 8% annual compound rate that he applied in determining the amount of interest due and that further, applying a lower interest rate of 4% on the $1.00 judgment would entitle the Plaintiff to only approximately 40 cents.

### D. <u>As to Whether the Plaintiff is Entitled to Post-Judgment Interest</u>

The Plaintiff has essentially requested this Court to award post-judgment interest under 28 U.S.C. § 1961 on the money judgment recovered, which is the $1 in nominal damages awarded by the jury <u>and</u> the $150 costs awarded to the Plaintiff on April 8, 2002. The Court sees no reason not to grant this request. <u>See Fin. Life Servs., LLC v. N. Bergman Ins. Trust</u>, No. 10 Civ. 4499, 2011 WL 4434205, at *8 (E.D.N.Y. 2011) (directing that the plaintiff recover from the defendant a judgment that included costs and was subject to post-judgment interest); <u>Alston v. Wall Street Garage Parking Corp.</u>, No. 03 Civ. 5418, 2004 U.S. Dist. LEXIS 9676, at *6, 2004 WL 1194595 (S.D.N.Y. May 28, 2004) (finding that the "plaintiff is entitled to postjudgment interest under 28 U.S.C. § 1961 on all sums awarded" including attorneys' fees, costs, and interest); <u>Mason Tenders Dist. Council Welfare Fund v. Ciro Randazzo Builders, Inc.</u>, No. 03 Civ. 2677, 2004 U.S. Dist. LEXIS 9287, at *10-11, 2004 WL 1152933 (S.D.N.Y. May 24, 2004) (same). Such interest "is designed to compensate the plaintiff for the delay it suffers from the time damages are reduced to an enforceable judgment to the time the defendant pays the judgment." <u>Andrulonis v. United States</u>, 26 F.3d 1224,

1230 (2d Cir. 1994). Therefore, the Plaintiff shall be awarded post-judgment interest pursuant to 28 U.S.C. § 1961 on his $151.00 award.

The Plaintiff contends that this post-judgment interest should begin to accrue on April 8, 2002. However, because this judgment was not entered by the Clerk's Office until April 9, 2002, this action fixed the date from which interest should run. See Natural Organics, Inc. v. Nutraceutical Corp., No. 01 Civ. 0384, 2009 WL 2424188, at *10, *12 (S.D.N.Y. Aug. 6, 2009) (finding that "post-judgment interest should run from the entry of a judgment for the prevailing party").

The Plaintiff urges the Court to utilize an 8% compound annual interest rate. However, post-judgment interest is statutorily set, and therefore interest shall be calculated by the Clerk of the Court, pursuant to 28 U.S.C. 1961(a), commencing from April 9, 2002, "at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment." 28 U.S.C. § 1961.

**E. As to the Appropriate Relief**

Now that the Court has specifically awarded the Plaintiff post-judgment interest on his money judgment, the issue is the nature of the curative relief. The Plaintiff has moved for a writ of execution pursuant to Rule 69 and also an order of contempt.

A federal district court possesses inherent authority to effectuate enforcement of its judgments. Fed. R. Civ. P. 69(a)(1) ("A money judgment is

enforced by a writ of execution, unless the court directs otherwise. The procedure on execution—and in proceedings supplementary to and in aid of judgment or execution—must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies."); see also Smith ex rel. Estate of Smith v. Fed. Reserve Bank of New York, 346 F.3d 264, 269 (2d Cir. 2003). Rule 69 "provides a mechanism for parties to seek the Court's aid in executing its judgments." Plunket v. Estate of Doyle, No. 99-Civ.-11006(KMW), 2009 WL 73146, at *2 (S.D.N.Y. Jan.12, 2009). When a judgment creditor seeks to enforce a money judgment in federal court, the court applies the procedure of the state where the court is located, unless a federal statute applies. In New York, the execution of money judgments is governed by N.Y. CPLR Article 52, which sets forth the procedures for a writ of execution. Smith, 346 F.3d at 269.

Moreover, in the enforcement context, a district court may issue a contempt order where a party has failed to pay a monetary sanction issued against it. See, e.g., United States v. Chusid, 372 F.3d 113, 116-17 (2d Cir. 2004) (defendant incarcerated for failure to pay restitution and fine imposed by criminal judgment); Huber v. Marine Midland Bank, 51 F.3d 5, 10 (2d Cir. 1995) (party threatened with incarceration for failure to pay sanctions imposed in civil proceeding).

The presumption in federal courts is that monetary obligations should be enforced by entry of a monetary judgment and, if necessary, execution thereon, and not by contempt. Thus, exceptions to that rule are ordered only under exceptional circumstances. See Fed. R. Civ. P. 69(a) ("[p]rocess to enforce a judgment for the payment of money shall be a writ of execution, *unless the court*

*directs otherwise*."); 13 Moore's Federal Practice § 69.02 (Matthew Bender 3d ed. 2005) ("such other means are confined only to cases in which established principles warrant equitable relief, such as when execution would be an inadequate remedy. For example, enforcement through the imposition of a contempt sanction would not be authorized absent exceptional circumstances."); <u>Motorola Credit Corp. v. Uzan</u>, 288 F. Supp. 2d 558, 561 (S.D.N.Y. 2003) ("In particular, the 'court directs otherwise' language should only be invoked in those 'extraordinary circumstances,' where 'established principles warrant equitable relief,' enforceable by the court's contempt powers.").

This Court retains jurisdictions to effectuate enforcement of its judgments. "[A] court that has concluded its adjudication of the merits of a case within its jurisdiction by entering a final judgment retains authority to take action with respect to some collateral matters related to the case." <u>Covanta Onondaga Ltd. v. Onondaga County Resource Recovery Agency</u>, 318 F.3d 392, 396 (2d Cir. 2003).

In the present case, the only portion of the judgment at issue is the post-judgment interest on the $151 money judgment awarded to the Plaintiff pursuant to 28 U.S.C. § 1961. The Plaintiff is statutorily entitled to this amount. Therefore, at this time, the Court is explicitly directing that once this amount is calculated by the Clerk of the Court, the Defendants shall have twenty days to pay the Plaintiff and to notify the Court of such payment. If this amount is not paid within this time period, the Court will consider taking additional action as set forth above.

**SO ORDERED.**

Dated: Central Islip, New York
January 12, 2012

_____/s/ Arthur D. Spatt_____
ARTHUR D. SPATT
United States District Judge